IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRAPER FRANK WOODYARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 1:25-cv-183-TFM-N |
| ) | |
| JUDGE MICHAEL J. HOYLT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Pending is the motion to transfer venue (Doc. 15) in which Plaintiff makes unfounded allegations against the Magistrate Judge and complains about the undersigned indicating that there is a lawsuit pending. The undersigned learned this for the first time when reviewing this case. Plaintiff did file a lawsuit on June 25, 2025. *See Woodyard v. Nelson, et al.*, Civ. Act. No. 1:25-cv-258-RAH-BR (S.D. Ala.). The case was assigned to judges from outside the district, was dismissed on January 12, 2026 (*see* Docs. 8, 10) and is now on appeal (*see* Doc. 11).

Also pending before the Court are Plaintiff's objection to the Magistrate Judge's order denying the motion to intercede (Docs. 17, 18, 19), the Report and Recommendation (Doc. 13), and the related objections/subsequent motions (Docs. 14, 16).

Regardless, the Court will address the motion to transfer venue and address the issue in the form of a request to recuse before turning to the remainder of the review in this case.

**A.      Recusal / Venue Motion**

"Two statutes govern recusal — 28 U.S.C. §§ 144 and 455." *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (citing *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983)). 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  Next, 28 U.S.C. § 455 in relevant parts state as follows:

> (a) Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455(a), (b)(1).

Looking first at 28 U.S.C. § 144, it states "whenever a party . . . makes and files a timely . . . affidavit . . ." and that it further states "the affidavit . . . shall be filed not less than ten days before the beginning of the term . . . or good cause shall be shown for failure to file it within such time." Moreover, "[a] motion for recusal based upon the appearance of partiality must be timely made when the facts upon which it relies are known. The untimeliness of such a motion is itself a basis upon which to deny it." *United States v. Siegelman*, 640 F.3d 1159, 1188 (11th Cir. 2011) (citing *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1472 (11th Cir. 1986)).  "The purpose of the rule is to 'conserve judicial resources and prevent a litigant from waiting until an adverse decision has been handed down before moving to disqualify the judge.'"  *Id*. (quoting *Summers v. Singletary*, 119 F.3d 917, 921 (11th Cir. 1997)).

"[T]he standard of review for a § 455(a) motion 'is whether an objective, disinterested, lay

observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality[.]". *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). While doubts must be resolved in favor of recusal, *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989), "a judge should not recuse [himself] based upon unsupported and tenuous allegations," *Yeyille v. Miami Dade Cnty. Pub. Sch.*, 654 F. App'x 394, 396 (11th Cir. 2016) (quoting *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988)).

Plaintiff's complaints seemingly fall under the category of "adverse rulings" and general grievances of perceived unfairness. Additionally, Plaintiff failed to comply with the requirement to submit an affidavit pursuant to 28 U.S.C. § 144. His motion is slim on reasoning and support. Even reviewing the complaint in the separate lawsuit against the undersigned (which is signed though not sworn as an affidavit) and the Magistrate Judge, the Court finds that the complaints simply relate to the rulings in his various cases. He claims that we have blocked his right of access to courts because of those rulings.

"[I]t is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature. As a result, except where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (holding that a court's "judicial rulings alone almost never" satisfy the standard for recusal)); *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.").

Moreover, when a motion for disqualification relies on other grounds, recusal is improper

unless the moving party can show that the judge has "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky*, 510 U.S. at 556; *see id*. at 558 (Kennedy, J., concurring in judgment) ("[U]nder [28 U.S.C.] § 455(a), a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute."). A party cannot satisfy this standard simply because a judge "has expressed an opinion" on a legal issue "while on the bench," something the Supreme Court has long recognized is "common," and, in fact, "encourage[d]," by various codes governing judicial conduct. *Republican Party of Minn. v. White*, 536 U.S. 765, 779 (2002).

Put simply, the party requesting recusal "must allege facts that would convince a reasonable person that bias actually exists". *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) (citation omitted); *see also In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (determining that "a judge . . . should not recuse himself on unsupported, irrational, or highly tenuous speculation" (citation and quotation marks omitted)). "Adverse rulings are grounds for appeal but rarely are grounds for recusal." *In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008); *see also Bolin*, 225 F.3d at 1239 (stating that "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature" (citation and quotation marks omitted)); *Draper v. Reynolds*, 369 F.3d 1270, 1279 (11th Cir. 2004) (noting that adverse rulings "almost never" constitute valid grounds for recusal (citation and quotation marks omitted)). Moreover, "candid reflections" about a "judge's assessment of a [a party's] conduct" offered "on the basis of facts presented during the proceedings . . . simply do not establish bias or prejudice." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 751 (D.C. Cir. 2016) (internal quotation marks omitted) (quoting *In re Barry*, 946 F.2d 913, 914 (D.C. Cir. 1991)).

Plaintiff has not alleged sufficient facts to show that any potential bias is personal and distinguishable from the undersigned's judicial role. The Court finds no basis either for the undersigned or the Magistrate Judge to recuse. Nor is that a basis to transfer venue. Therefore, the motion to transfer venue (Doc. 15) which the Court construes as a motion to recuse is **DENIED**.

**B.    Objections to Magistrate Judge's order denying the motion to intercede**

A party may seek review of a magistrate judge's ruling on a non-dispositive matter by serving and filing objections within fourteen days after being served with a copy. FED. R. CIV. P. 72(a). A non-dispositive matter is one that does not dispose of a claim or defense of any party. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007). "A judge of the court may reconsider any pretrial matter [on a non-dispositive issue] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). Put another way, "[i]n the absence of a legal error, a district court may reverse only if there was an abuse of discretion by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (internal quotation marks and citation omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (stating same). In sum, it is an extremely deferential standard.

Having reviewed the motion, the order, and the objections, the Court finds that Plaintiff has not shown that the magistrate judge was clearly erroneous. Moreover, the denial is without

prejudice and Plaintiff was told he could refile his motion if his case survived the review process under 28 U.S.C. §§ 1915(e)(2) and 1915A.

Therefore, Plaintiff's Objections (Doc. 19) are **OVERRULED** and the Magistrate Judge's order (Doc. 18) is **AFFIRMED**.

**C.     Recommendation and Objections**

The Court now turns to the Report and Recommendation and related objections. Reviewing the objections, Plaintiff appears to make many of the same arguments presented in his complaint which are thoroughly addressed by the Magistrate Judge. Having reviewed the Report and Recommendation, the Court finds that it is well supported.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge (Doc. 13) is **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** that (1) the motion to transfer venue, which the Court further construed as a motion to recuse is **DENIED**; (2) this case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and (3) all remaining motions are **DENIED as moot**.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this the 13th day of February 2026.

                s/Terry F. Moorer
                TERRY F. MOORER
                UNITED STATES DISTRICT JUDGE